**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4762**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

       v.

ANITA LAVON WILLIAMS, a/k/a Lavon Williams, a/k/a Sylvia
Hayes, a/k/a Akeen Lewis, a/k/a Betty Davis, a/k/a Stacy
Meadows, a/k/a Keith Chase, a/k/a April Shoulders, a/k/a
Beverly Purdue,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:11-cr-00010-CCE-1)

_____

Submitted:  February 23, 2012      Decided:  February 27, 2012

_____

Before MOTZ, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Sandra J.
Hairston, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anita Lavon Williams pled guilty to one count of mail fraud, 18 U.S.C.A. § 1341 (West Supp. 2011), and was sentenced to an above-Guidelines term of fifty-four months imprisonment. Williams appeals her sentence, arguing that it was unreasonably high and an abuse of discretion. We affirm.

Williams had fifteen criminal history points, which placed her in criminal history category VI. Her advisory Guidelines range was 37-46 months. The district court characterized its decision to sentence Williams above the Guidelines range as both a departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2010), and a variance pursuant to 18 U.S.C. § 3553(a) (2006). The court considered Williams' long record of fraud offenses, including ten worthless check convictions which were not counted in her criminal history score, see USSG § 4A1.3 cmt. n.8, and the fact that she attempted to extort money from the victim after her arrest. The district court decided that a one-level departure was insufficient and a two-level departure was necessary to achieve a sentence that took into account Williams' past criminal conduct, reflected the seriousness of the offense, promoted respect for the law, and served to protect the public.

We review a sentence, including a sentence outside the Guidelines range, for procedural and substantive reasonableness.

2

United States v. Gall, 552 U.S. 38, 46, 51 (2007); United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). Here, after review of the record, we conclude that the sentence was both procedurally and substantively reasonable. The court had a reasoned basis for its decision to impose a sentence above the Guidelines range and made an individualized statement explaining its decision.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED